IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GREGORY HOSKINS and CAMIE HOSKINS, as parents and Next of Kin for their Minor Child, T.H.;<br>    Plaintiffs, | |
| v. | CIVIL NO. 2:13-cv-00015<br>JUDGE SHARP/ MAG. BRYANT<br>JURY DEMANDED |
| CUMBERLAND COUNTY BOARD OF EDUCATION, d/b/a SOUTH CUMBERLAND ELEMENTARY SCHOOL, and the PHOENIX SCHOOL; | |
| AARONA VAN WINKLE, Individually and in her Official Capacity as Director of Cumberland County Schools; | |
| KEENA INMAN, Individually and in her Official Capacity as 504 Coordinator for the Cumberland County School District; | |
| DARRELL THREET, Individually and in his Official Capacity as Principal of South Cumberland Elementary School; | |
| BECKY BROWN, Individually and in her Official Capacity as Principal of South Cumberland Elementary School and as 504 Coordinator for South Cumberland Elementary School; | |
| EDDIE NUNLEY, Individually and in his Official Capacity as Principal of The Phoenix School; | |
| and JOHN TOLLETT, Individually and in his Official Capacity as the School Resource Officer assigned to the Phoenix School;<br>    Defendants. | |

# INITIAL CASE MANAGEMENT ORDER

A.  JURISDICTION AND VENUE.  The court has federal question jurisdiction and supplemental jurisdiction over State claims pursuant *15 U.S.C. § 1692k(d) 28 U.S.C. § 1331, 28 U.S.C. § 1367* and the Fair Debt Collection Practices Act, *15 U.S.C. § 1692.* (the "FDCPA").  Venue is appropriately in the Northeastern Division of the United States District Court, Middle District of Tennessee pursuant to *28 U.S.C. §1391* and *28 U.S.C. §123.*

B.  BRIEF THEORIES OF THE PARTIES.

(1)  <u>Plaintiffs' Theories</u>.  Plaintiff T.H. is a minor child who, due to an acute allergic reaction to medications prescribed to him, experienced side effects that detrimentally affected his behavioral conduct and learning capabilities.  These problems qualified for, and should have been addressed by, a 504 Plan but were not.  These problems persisted for several years with responses from the Cumberland County Board of Education that escalated to the detriment of T.H. including isolation of T.H. in his school, his removal from his elementary school and his placement into an alternative school designed for children far more advanced in age than T.H, the physical dragging of T.H. down the school hallway and the eventual handcuffing of T.H. by the Student Resource Officer.  At all times the staff and faculty of the Cumberland County Board of Education knew or should have known of T.H.'s medical diagnosis and a formally instituted and structured 504 Plan should have been in place to ensure T.H. received equivalent educational rights and opportunities as his peers.

Plaintiff T.H. has been permanently affected by his experiences with the Cumberland County Board of Education including physical, mental and emotional abuse the ramifications of which may not fully present themselves for years as he continues to develop.  For any hope of

normalcy to be obtained in T.H.'s life as it intersects with his education the only reasonable alternatives are to send him to a private school system not supervised directly by the Cumberland County Board of Education or home schooling. Plaintiff T.H.'s mother is disabled so a proper home schooling program would require an instructor. Plaintiff T.H.'s parents also have suffered losses for T.H.'s healthcare during this ordeal and T.H.'s father specifically has almost had to close his business due to loss of operating time and therefore profits because of the time required to care for T.H.

Ultimately the Cumberland County Board of Education is charged with a duty to equally protect, care for and educate every child in Cumberland County, Tennessee and in the case of T.H. they simply failed. Every administrator, teacher, faculty and staff member acquainted with T.H. and his family knew about T.H.'s complications from their onset until the handcuffing and never once was a formal 504 meeting held or plan instituted for T.H.'s benefit. This failing by the Cumberland County Board of Education, its principals, teachers and 504 Coordinators has caused immeasurable damage to T.H. and his family and the relief sought should be granted as it is reasonable and necessary in order to try and make T.H. and his family as whole as possible after their extended ordeal.

(2) <u>Defendant's Theories</u>.

**A. THEORIES OF SCHOOL BOARD DEFENDANTS (NOT INCLUDING SRO OFFICER JOHN TOLLETT).** All allegations in all forms against these defendants are denied. In this case the minor plaintiff had a history of occasional behavioral issues at elementary school because he did not want to attend school, including aggression and outbursts getting into the school building. School officials worked with the parents and the minor child to

address these issues and to get him to class, including the use of State mandated certified restraint training used in each school using specific and measured techniques and procedures to deal with agitated, hostile or aggressive students, and the implementation of a 504 Plan which placed the child in a homebound program for the remainder of the 2010-2011 school year. In March 2011 the minor child's parents declined a psychological evaluation that could have extended his 504 Plan beyond the end of the 2010-2011 school year, or could have provided special education services in place of the 504 Plan. As a result of the parental refusal to test, the 504 Plan lapsed and the minor child returned to elementary school at the start of the 2011-2012 school year. Thereafter, the minor plaintiff was again verbally abusive and again made threats of violence to his teacher and principal. The nature of these threats were serious enough to justify a 3-day suspension. School officials concluded that the child's aggressive and out of control behavior again related to his desire not to attend school. Rather than reward this misbehavior by permitting him to go home, an administrative decision was made to assign the minor child to attend class for 3-days at the Alternative to Suspension (ATS) elementary school class in the Phoenix School. While in the ATS class the minor plaintiff refused to participate in gym class, physically threatened Phoenix school officials and, thereafter, physically threatened the Student Resource Officer (SRO). The SRO officer, acting in his police capacity, used handcuffs to restrain the minor only after first unsuccessfully trying to reason with the child and making efforts to bring the child under control.

These defendants at all times acted reasonably and within the bounds of the law with regard to the minor child, and these defendants did not deprive him of, or exhibit deliberate indifference to, the child's Constitutionally protected rights. These defendants reserve all rights

and defenses available to them under 42 U.S.C. §1983. These defendants further assert that the Court lacks jurisdiction in whole or part over claims asserted under the Governmental Tort Liability Act (the "GTLA"), Tenn. Code Ann § 29-20-201 et seq., that the School Board defendant is immune from suit under Tenn. Code Ann. § 29-20-205, that qualified immunity applies, that respondeat superior or vicarious liability does not attach under the GTLA, that the GTLA, that the available rights and defenses under the GTLA bars some or all claims made by the plaintiffs, and that the plaintiffs are not entitled to a jury on GTLA claims.

**B.     THEORY OF DEFENDANT, JOHN TOLLETT, individually and in his official capacity as the School Resource Officer assigned to the Phoenix School.**

John Tollett is a City Police Officer with the City of Crossville Police Department and was assigned as a School Resource Officer. He is an employee of the City of Crossville. On the occasion of this incident he was called to the Phoenix School as a result of the conduct of T.H. It is denied that this Defendant violated any rights or committed any tortious conduct with respect to T.H. in any way.

When this Defendant arrived T.H. was in Principal Eddie Nunley's office sitting in a chair. When this Defendant arrived in the room T.H. balled up his fists as if to strike Principal Nunley. When this Defendant asked T.H. to calm down, T.H. balled up his fists as if to strike this Defendant. At this point it was determined that T.H. should be restrained, and he was appropriately handcuffed pending being taken to the Juvenile Detention Center. However, upon learning that this Defendant was an acquaintance of the father of T.H., in his discretion, this Defendant elected to contact the parents to retrieve the child rather than taking him to the Juvenile Detention Center where he would be formally charged with misconduct.

All allegations of wrongdoing against this Defendant are denied.

This Defendant pleads all privileges and immunities of the Tennessee Governmental Tort Liability Act codified in T.CA. § 29-20-101 et seq., including total personal immunity for any claim of negligence.

This Defendant further pleads the doctrine of qualified immunity.

This Defendant further asserts that the restraint he used to retrain T.H. was appropriate given the circumstances and did not violate any constitutional rights of T.H. or any other rights.

It is denied that this Court should exercise pendant jurisdiction over any state law torts, and it is specifically averred that this Court does not have jurisdiction to address any claims pursuant to the Tennessee Governmental Tort Liability Act in accordance with previous decisions of this Court.

Moreover, this Defendant asserts that the Complaint fails to state a cause of action against this Defendant for which relief may be granted.

    C.    ISSUES RESOLVED.  Jurisdiction and venue.

    D.    ISSUES STILL IN DISPUTE.  Liability and damages.

    E.    INITIAL DISCLOSURES.  The parties shall make their F.R.Civ.P. Rule 26(a)(1) initial disclosures on or before **JULY 31, 2013**.

    F.    DISCOVERY.  The parties shall complete all written discovery and depose all fact witnesses on or before **MAY 2, 2014**. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the

parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

G. MOTIONS TO AMEND. The parties shall file motions to amend on or before **FEBRUARY 3, 2014**.

H. DISCLOSURE OF EXPERTS. The plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **MARCH 15, 2014**. The plaintiffs may introduce evidence of any treating physician or healthcare provider that treats the plaintiff as a result of any mental or physical injuries. The defendant shall identify and disclose all rebuttal expert witnesses and reports on or before **MAY 3, 2014**.

I. DEPOSITIONS OF EXPERT WITNESSES. The parties shall depose all expert witnesses, treating physicians and health care providers on or before **JUNE 28, 2014.**

J. JOINT MEDIATION REPORT. The parties shall file a joint mediation report on or before **MAY 24, 2014**.

K. DISPOSITIVE MOTIONS. The parties shall file all dispositive motions on or before **JULY 15, 2014**. Responses to dispositive motions shall be filed within THIRTY (30) days after the filing of the motion. Briefs shall not exceed TWENTY-FIVE (25) pages. Optional replies may be filed within FOURTEEN (14) days after the filing of the response and shall not exceed FIVE (5) pages.

L. ELECTRONIC DISCOVERY. The parties have been unable to reach agreement on how to conduct electronic discovery. Therefore the default standard set forth in administrative order number 174 **SHALL** apply to this case.

M. TRIAL DATE AND ESTIMATED TRIAL TIME. The parties estimate that this trial will last approximately 3 to 4 days. This case shall be tried in the L. Clure Morton Federal Courthouse in Cookeville, Tennessee.

N. The action is set for **JURY TRIAL** to commence on the ___38th___ day of ___October___, 2014 at ___9:00___ a.m. The final pretrial conference is set to occur on the ___1st___ day of ___October___, 2014 at ___9:00___ .m. Both shall occur at the L. Clure Morton federal courthouse in Cookeville, Tennessee.

It is so ORDERED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

**/s/W. Alan Rose**
W. Alan Rose, Esq.
28 W. Fifth Street
Crossville, Tennessee 38555
Telephone: 931-484-3556
*Counsel for Plaintiffs*

**/s/ Kenneth S. Williams**
Kenneth S. Williams, Esq. (#10678)
**Madewell, Jared, Halfacre, Williams & Wilson**
230 No. Washington Avenue
Cookeville, Tennessee 38501
Telephone: (931) 526 – 6101
*Counsel for Defendants Cumberland County Board of Education,*
*Aarona VanWinkle, Kenna Inman, Darrell Threet, Becky Brown and Eddie Nunley*

**/s/ Daniel H. Rader, III**
Daniel H. Rader III
Moore, Rader & Fitzpatrick
P.O. Box 3347
Cookeville, Tennessee 38502
Telephone: 526-3311
*Counsel for Defendant John Tollett*